09-0566-ag
Tang v. Holder

BIA
Nelson, IJ
A098 221 758
A098 221 759

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of June, two thousand ten.

PRESENT:
>JOSÉ A. CABRANES,
>ROBERT A. KATZMANN,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges*.

_____

MAI ZHU TANG, XIANG HUANG,
>*Petitioners*,

>v.                                                      09-0566-ag
>                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, UNITED STATES
DEPARTMENT OF JUSTICE,
>*Respondents*.

_____

FOR PETITIONERS:            Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENTS:            Tony West, Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Mai Zhu Tang and Xiang Huang, natives and citizens of the People's Republic of China, seek review of a January 23, 2009, order of the BIA affirming the May 1, 2006, decision of Immigration Judge ("IJ") Barbara A. Nelson denying Petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Mai Zhu Tang*, Nos. A 098 221 758/759 (B.I.A. Jan. 23, 2009), *aff'g* Nos. A 098 221 758/759 (Immig. Ct. N.Y. City May 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Yun-Zui Guan*

---

[1] Because Xiang Huang's claim rests entirely upon Mai Zhu Tang's claim, we refer largely to Tang throughout this order. We further note that because the BIA made clear that it left undisturbed its December 2007 order affirming the IJ's adverse credibility determination, we review that decision as well.

*v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The applicable standards of review are well-established. *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**I.   Adverse Credibility Determination**

In evaluating Tang's credibility, the IJ relied on misrepresentations she made during her airport and credible fear interviews, and on her first asylum application.  Tang acknowledges that these statements were false, but argues that the IJ impermissibly relied on them in making an adverse credibility determination because they were made under duress resulting from the smuggler's prior threats.  Although plausible, no reasonable factfinder would have been *compelled* to credit this explanation.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Tang additionally argues that false statements made during airport or credible fear interviews may not provide the basis for an adverse credibility determination.  However, we have found that an IJ may properly rely on the records of such interviews if they bear "sufficient indicia of reliability."  *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).  As Tang does not dispute the content of the

3

records of her airport and credible fear interviews, their reliability is not at issue.

Tang further argues that the IJ afforded her documentary evidence insufficient weight.  However, we have found that such determinations lie largely within the discretion of the agency.  *See Xiao Ji Chen v. United States Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).  In particular, we have found no error in the agency's conclusion that so-called "abortion certificates" are not probative.  *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).  Additionally, in light of the IJ's adverse credibility determination, the IJ did not err by noting the absence of corroborative evidence that may have rehabilitated Tang's otherwise not credible testimony.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Ultimately, the IJ's adverse credibility determination was supported by substantial evidence.

**II.  Well-Founded Fear of Future Persecution**

Because the IJ did not question that Tang gave birth to a second child in the United States, the adverse credibility determination is not dispositive of Tang's claim that she established a well-founded fear of future persecution on

4

that basis. Nonetheless, substantial evidence supports the BIA's finding that Tang did not meet her burden of proof. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

We find no support for Tang's argument that the BIA did not adequately consider the evidence of record. *See Xiao Ji Chen*, 471 F.3d at 342. Indeed, we have previously upheld the BIA's consideration of the same or similar evidence. *See Jian Hui Shao*, 546 F.3d at 163. In this case, the IJ reasonably afforded diminished weight to the letter from Tang's sister claiming that she had been forcibly sterilized based on the birth of her two children in China. *See id.* at 546 F.3d at 160-61. Moreover, although Tang asserts that remand is necessary to allow her the opportunity to supplement the administrative record with updated country conditions evidence, remand for agency consideration of documents outside the administrative record is inappropriate. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269-70 (2d Cir. 2007). Thus, substantial evidence supports the agency's determination that Tang failed to establish a well-founded fear of future persecution.

As Tang was unable to meet her burden for asylum, she

necessarily failed to meet the higher burden required for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk